IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAINE MARIE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-191-E |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 24th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises a single issue on appeal: she argues her residual functional capacity ("RFC") is the product of legal error because the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion of consultative examiner, Tammy Connell, M.A. (Doc. No. 8). Plaintiff contends that the ALJ did not conform with the applicable regulations because the ALJ did not sufficiently consider and explain the consistency and supportability factors relevant to evaluating this opinion. (*Id.*); 20 C.F.R. §§ 404.1520c, 416.920c. The Court disagrees with Plaintiff and finds instead that substantial evidence supports the ALJ's RFC finding and his ultimate determination that Plaintiff is not disabled.

The Court finds the ALJ sufficiently considered and explained the consistency and supportability factors as they relate to his analysis of Ms. Connell's opinion. As Plaintiff acknowledges, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c). Specifically, in analyzing Ms. Connell's opinion, the ALJ stated the following:

> In addition to her treatment notes, the record contains the report of a consultative mental status evaluation conducted on October 22, 2021 by Tammy Connell, M.A. . . . During her mental status examination, Ms. Connell observed no abnormalities in her appearance, speech, or thought process. However, she noted the claimant's affect was somewhat anxious, her attention and concentration [were] mildly impaired due to anxiety, and her memory was impaired. Ms. Connell then noted the claimant's reports that she was able to dress, bathe, and groom herself, and that she cooked, cleaned, washed laundry, and shopped. Moreover, she stated she managed her own money, drove, and described her relationships with friends and family as good. Following the remainder of her examination, Ms. Connell diagnosed the claimant with an unspecified anxiety disorder. She then determined the claimant's impairments resulted in moderate limitations on her ability to make judgments on simple work-related decisions and marked limitations on her ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions.

> Additionally, she found the claimant's impairments resulted in mild to moderate limitations on her ability to interact appropriately with the public, supervisors, and coworkers, and marked limitations on her ability to respond appropriately to usual work situations and changes in a routine work setting. (Ex. 8F).
>
> After careful consideration, the undersigned finds Ms. Connell's conclusions are not persuasive because the claimant's lack of mental health treatment, including her more recent refusal to start medication, as well as her largely unremarkable mental status examination and reported activities of daily living do not support the conclusion that she has any more than moderate limitations stemming from her history of schizophrenia and more recently diagnosed anxiety.

(R. 37). Considering this, the ALJ adequately evaluated the consistency and supportability of Ms. Connell's decision, as he stated this opinion was not consistent with the rest of the record, showing a lack of mental health treatment, Plaintiff's refusal to start medication, a largely unremarkable mental status examination, and her activities of daily living. (*Id.*). Moreover, the ALJ found this opinion was not supported by Ms. Connell's own exam, which revealed no abnormalities in appearance, speech, or thought process, and resulted in a largely normal mental status examination. (*Id.*). Thus, Plaintiff's argument on this point fails.

Plaintiff also argues that the ALJ did not inquire into and address the reasons Plaintiff failed to seek mental health treatment or receive psychotropic medications prior to relying on this lack of evidence to support his rejection of Ms. Connell's opinion. (Doc. No. 8 at 16). However, the ALJ did discuss and consider Plaintiff's hospitalization and treatment and the fact that she was seeing a psychiatrist. (R. 65). The record was also clear that Plaintiff was not on any psychotropic medications and that she was diagnosed with generalized anxiety disorder, but she was not advised to be on medication and only therapy was recommended. (R. 35). Further, the record showed that Plaintiff reported to her psychologist that she did not want to be on anxiety medication because the side effects scared her. (Ex. 14F/4-6). Given that the record showed Plaintiff's treatment and her reasoning for not taking medications, the ALJ did not err by failing to inquire about Plaintiff's reasoning for not seeking mental health treatment or taking psychotropic medications. This is especially true given the fact that Plaintiff does not argue that the ALJ made an inaccurate inference or incorrectly summarized the record. Accordingly, Plaintiff's argument on this point is without merit.

Further, Plaintiff contends that the ALJ did not explain what evidence he considered in determining that Plaintiff's record reflected "largely unremarkable mental status examination" such that Ms. Connell's opinion could be considered inconsistent with the

3

entirety of the evidence.   (Doc. No. 8 at 16-17).   Plaintiff contends that the ALJ erred by relying upon "a vague and conclusory notion that M.A. Connell's opinion was inconsistent with Plaintiff's 'largely unremarkable mental status examination' in support of his ultimate rejection of M.A. Connell's opinion[,]" without specifying any specific records upon which he was relying.   (*Id.* at 17).   However, the context of the record reveals that the ALJ was referring to Ms. Connell's mental status examination, which was generally normal.   (Ex. 8F).   While the ALJ provided no citation, it is clear from the context of his statements, as quoted above, and his citation to Exhibit 8F, showing Ms. Connell's exam only one sentence earlier, that he was referring to Ms. Connell's mental status examination.   (R. 37).   While there are other mental status examinations within the record, (R. 75, 87, 360, 362, 365, 371, 374, 386, 616), the context makes it clear that the ALJ was referring to Ms. Connell's mental status examination.   Thus, Plaintiff's argument on this point fails.

Additionally, Plaintiff contends that the ALJ did not consider the diagnostic evidence concerning Plaintiff's neuropsychological impairments, including her abnormal awake and asleep 60-minute EEG and the MRI of her brain.   (Doc. No. 8 at 18 (citing R. 413, 490, 499)).   Plaintiff posits that the ALJ's failure to consider this evidence, showing the impact of Plaintiff's chronic migraines and related neurological conditions on her ability to work, led to a defective RFC.   (*Id.*).   The Court finds Plaintiff is mistaken that the ALJ ignored this evidence.   The ALJ analyzed Plaintiff's abnormal EEG and her MRI when explaining the Plaintiff's testing and treatment during the relevant period and stated the following:

> [O]n July 2, 2021, [Plaintiff] obtained the requested brain MRI, which revealed no acute intra-axial abnormality but showed an 8.5 mm right choroidal fissure cyst and minimal chronic small vessel microvascular ischemic change.   (Ex. 9F/13).
>
> \*\*\*
>
> Thereafter, on August 31, 2021, the claimant proceeded with another EEG, the results of which were abnormal due to two right frontal sharp waves that might be consistent with discharging foci in that region and tendency toward seizure activity.   However, no focal slowing or electrographic seizures were seen and the administering provider noted that up to 10 epileptiform discharges during a 60 minute EEG would be considered within normal limits.   (Ex. 9F/4-5).

(R. 31, 33).   Plaintiff points to no findings or evidence concerning these tests that the ALJ did not consider.   Accordingly, Plaintiff's argument on this point is without merit.

Plaintiff also posits that the ALJ erred by finding Ms. Connell's opinion inconsistent with Plaintiff's activities of daily living and by failing to explain which

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

                                                                s/Alan N. Bloch
                                                        United States District Judge

ecf:        Counsel of record

---

activities contradicted Ms. Connell's opinion. (Doc. No. 8 at 18-19). However, Plaintiff overlooks that Ms. Connell herself reported on Plaintiff's activities of daily living within her opinion. (Ex. 8F/6-7). This shows that Plaintiff reported she is able to do many activities, including bathing and grooming herself, laundry, cooking, driving, and managing her own money. (*Id.*). The ALJ's statement on Ms. Connell's opinion, as shown above, makes clear that he found Ms. Connell's opinion unsupported by all of Plaintiff's reported activities of daily living. (R. 37). Accordingly, Plaintiff's argument does not undermine that substantial evidence supports the ALJ's decision.

      Given that the Court has determined that Plaintiff's RFC is supported by substantial evidence, the Plaintiff's attack on the hypothetical posed to the vocational expert is without merit. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) (stating "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). Thus, The ALJ's findings and conclusions are supported by substantial evidence and the decision of the Commissioner must be affirmed.